IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CASSLYN MAE WELCH,

    Defendant.

No. 10-cr-2734 JCH-SMV
No. 21-cv-0522 JCH-SMV

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Casslyn Mae Welch's Motion to Reduce Sentence (Motion) (Doc. 1764).[1] Welch is incarcerated and proceeding *pro se.* She argues, inter alia, that the Government promised a lower federal sentence, and her sentence is excessive. The Court construes the Motion as a second or successive 28 U.S.C. § 2255 proceeding filed without authorization from the Tenth Circuit and will dismiss the matter without prejudice.

## BACKGROUND

Welch was indicted on eleven counts relating to her participation in a carjacking and conspiracy that led to the killing of two people. (Docs. 24, 73, 83). Welch agreed to cooperate with the investigation against her co-defendant, John Charles McCluskey, who the Government admits was the "mastermind, shooter, and the most culpable of all the defendants." (Doc. 1754 at 6). In 2012, Welch pled guilty to nine crimes, including carjacking resulting in death; conspiracy to interfere with commerce; and various firearm charges. (Doc. 259 at 2). At sentencing, Welch argued the Government promised to support a 20-year prison term. (Docs. 1678, 1680). The

---

[1] Unless otherwise noted, all docket references are to the criminal case, 10-cr-2734.

Court found no reliable evidence of such promise and sentenced Welch to 40 years imprisonment. (Docs. 1726, 1727). Judgment was entered on the conviction and sentence on October 16, 2014. (Doc. 1727).

Welch filed a direct appeal, and the Tenth Circuit affirmed the conviction and sentence. *See United States v. Welch*, 638 F. App'x 674 (10th Cir. 2015). The Supreme Court denied certiorari relief on May 31, 2016. (Doc. 1748). The following year, Welch timely filed her first 28 U.S.C. § 2255 motion. (Doc. 1749). She raised claims for ineffective assistance of counsel, arguing her attorney led her to believe she would receive a 20-year sentence if she signed the plea agreement. *Id.* at 15-16. The Court ordered an answer, referred the matter to the Honorable Stephan Vidmar for proposed findings and a recommended disposition, and ultimately denied Welch's first § 2255 motion. (Docs. 1753, 1755, and 1757). The Court also denied as moot Welch's separate motion alleging a breach of the plea agreement. (Doc. 1678, 1761).

On June 7, 2021, Welch filed the instant Motion to Reduce Sentence. (Doc. 1764). She alleges the real culprit (presumably John Charles McCluskey) died; the Government promised a lower sentence; and her sentence is excessive. *Id.* at 1.

**DISCUSSION**

A post-judgment motion should be construed as a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (filings are construed under § 2255 when they "collaterally attack the validity of a conviction and sentence"). This includes post-judgment motions where the defendant does not cite 28 U.S.C. § 2255 but "wishes to allege his [or her] …

2

sentence was unlawful." *United States v. Nelson,* 465 F.3d 1145, 1148-49 (10th Cir. 2006). The Motion here includes that allegation and collaterally attacks Welch's conviction by pointing out the "person who actually committed the crime is … deceased." Accordingly, the Court construes the Motion as a successive § 2255 habeas filing.

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Welch does not proffer any new evidence or law. The Motion merely rehashes her arguments about excessive sentencing and points to the death of her co-conspirator. Welch's

3

claims would also be time-barred if filed anew in the proper forum. Section 2255 claims must generally be filed within one year after the Judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Welch's Judgment became final in 2016, after United States Supreme Court denied certiorari review, and the limitation period expired in 2017.

For these reasons, the Court finds Welch's second § 2255 Motion likely lacks merit, and a transfer is not in the interest of justice. The Court will dismiss the Motion for lack of jurisdiction and deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong"). This ruling has no impact on Welch's ability to seek or obtain a sentence reduction under 18 U.S.C. § 3582. The Federal Public Defender is currently evaluating Welch's eligibility for compassionate release and may seek to represent her in a separate § 3582 proceeding.

**IT IS ORDERED** that Casslyn Rae Welch's Motion to Reduce Sentence (CV Doc. 1; CR Doc. 1764), which is construed as a second 28 U.S.C. § 2255 filing, is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

_____
SENIOR UNITED STATES DISTRICT JUDGE